UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

FOREST HILLS GARDENS CORPORATION,

                                      Plaintiff,

                -against-

THE CITY OF NEW YORK,

                                  Defendant.

------------------------------------------------------------------------ x

**STIPULATION OF SETTLEMENT AND DISCONTINUANCE**

1:25-cv-05741 (BMC)

**WHEREAS**, Plaintiff Forest Hills Gardens Corporation ("Plaintiff") commenced this action ("Action") on October 13, 2025 against Defendant City of New York ("Defendant") via Summons and Verified Complaint (the "Action")  alleging that security measures taken by the New York City Police Department ("NYPD") on streets owned by Plaintiff during events, for which sound amplification permits are required, (the "Events") at Forest Hills Stadium (the "Stadium") during the 2023, 2024, and 2025 concert seasons in and around the Stadium constituted a physical taking, or in the alternative, a procedural due process violation; and

**WHEREAS**, without admission of liability, the Parties desire to amicably resolve all disputes raised by or related to the Action on the terms hereof without further judicial intervention;

**NOW, THEREFORE**, it is hereby stipulated and agreed, by and between the parties, that the above-captioned matter is settled as follows:

1.      This matter is discontinued in its entirety, with prejudice, and each party bearing its own costs, expenses, and attorney fees.

2.      The City of New York shall make payment in the amount of one hundred and fifty thousand dollars ($150,000.00) (the "Payment") in full settlement of all of Plaintiff's

claims against Defendant, under the terms and conditions specified in this Stipulation of Settlement and Discontinuance (the "Stipulation").

3.    The Payment shall be made to Plaintiff by mailing a check payable to "Forest Hills Gardens Corporation" to Forest Hills Gardens Corporation, 2 Tennis Place, Forest Hills New York, 11375, within 90 days of the execution of full execution of this Stipulation and receipt of an executed General Release, which is annexed hereto as Exhibit "A."

4.    NYPD, by the captain of the 112 Precinct, or whomever they designate, agrees to consult with the president of the FHGC board, or whomever they designate, about planned security arrangements on property owned by Plaintiff in and around the Stadium as long as there are Events there, including, for example, but not limited to: street closures and locations thereof, and timing; resident access; rideshare pickup and drop off sites; and reasonable efforts to clear Plaintiff owned streets in a timely manner after shows end (collectively, "Security Consultation"). As part of the foregoing, NYPD will consider reasonable requests of Plaintiff. Notwithstanding the foregoing, Plaintiff acknowledges that NYPD will retain discretion and will have final say on all safety and security measures,  including but not limited to placement of NYPD officers and barricades, that are implemented after a Security Consultation.

5.    On the terms of the General Release annexed hereto as Exhibit A, Plaintiff releases the City of New York, and any present or former employee or agent of the City from any and all liability, claim, or right of action arising from or relating to the allegations contained in the Complaint, including claims for compensation, damages, injunctions, costs, and expenses, including any attorneys' fees or costs.

6.    This Stipulation shall not be admissible in, nor is it related to, any other settlement negotiations or litigation against the City or any of its agencies, except in a proceeding

to enforce the terms of this Stipulation, or in any action or proceeding to collect the Payment owed to Plaintiff.

7.      Nothing contained herein shall be deemed an admission by the City or any of its employees or agents that they have acted unlawfully or in any way violated any of Plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States of America, the State of New York, or the City, or any other rules, regulations or bylaws of any department, agency or subdivision of the City, including, but not limited to, the value of any license fee for the use of streets owned by Plaintiff.

8.      Nothing contained herein shall be deemed to constitute a policy or practice of the City.

9.      This Stipulation contains all the terms and conditions agreed upon by the parties hereto; no oral agreement entered into at any time, nor any written agreement entered into prior to the execution of this Stipulation regarding the subject matter of the instant Action shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

10.     The parties have reviewed and revised this Stipulation, and no rule of construction by which any ambiguities are to be resolved against the drafting party shall be applied in the interpretation of this Stipulation.

11.     For purposes of this Stipulation, scanned, electronic, and/or facsimile signatures by the undersigned shall constitute original signatures for filing with the Court.


Dated: New York, New York
       March _17__, 2026

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAZEL LLP
*Attorney for Plaintiff*
One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000

By:_____
    Katherine Rosenfeld
    Partner

STEVEN BANKS
Corporation Counsel of the
    City of New York
*Attorney for Defendant*
100 Church Street
New York, New York 10007
(212) 356-1646

By:_____
    Jessica Katzen
    Assistant Corporation Counsel

SO ORDERED   3/24/26

_____
U.S D.J.